UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Signs for Jesus, et al.**

    v.                                      Case No. 15-cv-482-PB
                                                        Opinion No. 2016 DNH 059

**Town of Pembroke, et al.**

**MEMORANDUM AND ORDER**

     Signs for Jesus and Hillside Baptist Church applied for a permit to put up an electronic sign that would display religious messages on Pembroke Street in Pembroke, New Hampshire. When their application was denied, they filed this suit against the Town of Pembroke, the Town's Zoning Board of Adjustment, and the Town's Code Enforcement Officer, Everett Hodge. Plaintiffs allege that the defendants' actions violated the United States and New Hampshire constitutions, and federal and state statutes. After filing their answer, defendants responded with a partial motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), and (6). Doc. No. 13.

                                      I.   BACKGROUND

     In April 2015, Signs for Jesus and Hillside Baptist Church (hereafter, collectively "the Church") applied for a permit to install an electronic sign on its property on Pembroke Street in

Pembroke, New Hampshire.[1]  The purpose of the proposed sign was to display daily Bible scriptures.  In April 2015, Everett Hodge, the Town of Pembroke's Code Enforcement Officer, denied the Church's application.  Doc. No. 1 at 7.  The Church then appealed Hodge's decision to the Town of Pembroke's Zoning Board of Adjustment ("ZBA"), and filed a separate variance request.  Id.  After a public hearing, the ZBA denied the Church's administrative appeal and its request for a variance.  Id. at 8.  In August 2015, the Church requested rehearing pursuant to N.H. Rev. Stat. Ann. § 677:2.  Id.  The ZBA denied the Church's requests at a subsequent hearing.

In November 2015, the Church filed its complaint here, alleging that the Town's actions and its sign ordinance are unconstitutional, and violate federal and New Hampshire law.  Specifically, the Church's complaint includes nine counts: four claims invoking the United States Constitution (brought pursuant to 42 U.S.C. § 1983); two claims based on the federal Religious Land Use and Institutionalized Persons Act ("RLUIPA"); one claim invoking the New Hampshire Constitution; and two claims based on

---

[1] Signs for Jesus is a New Hampshire non-profit corporation "whose purpose is to publicly display daily Bible scriptures to the public via road signs."  Doc. No. 1 at 2.  Hillside Baptist Church is a religious organization that owns property at 547 Pembroke Street (otherwise known as U.S. Route 3) in Pembroke, New Hampshire.

N.H. Rev. Stat. Ann. § 677:4. The complaint names as defendants the Town of Pembroke, Pembroke's ZBA, and Hodge, both individually and in his official capacity as the Town's Code Enforcement Officer. The Church seeks declaratory, injunctive and monetary relief.[2] Id. at 24-25.

## II. ANALYSIS

Defendants have filed a partial motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), and (6). Doc. No. 13. In their motion, defendants argue that I should dismiss all claims against (1) the ZBA, (2) Hodge in his official capacity as the Town's a Code Enforcement Officer, and (3) Hodge in his individual capacity. I take up each argument in turn.

### A. Claims Against the ZBA

Defendants first argue that I should dismiss plaintiffs' claims against the ZBA, because the ZBA is merely a decision-making body of the Town, and therefore is not an appropriate

---

[2] Because it is somewhat unclear which claims plaintiffs are bringing against which defendant, I assume, for the purposes of this Order, that plaintiffs are bringing all of their claims against all of the defendants. I further assume that plaintiffs seek declaratory, injunctive, and monetary relief from each defendant on each of their claims.

3

separate defendant from the Town.  To support this argument, defendants point to two New Hampshire Supreme Court cases that suggest that a municipality, not the municipality's decision-making body, is the appropriate defendant in a zoning appeal case.  See Kelley v. Hopkinton Village Project, 108 N.H. 206, 207 (1967); N.H. Highway Hotel, Inc. v. City of Concord, 119 N.H. 122, 124-26 (1979).

In response, plaintiffs argue that cases involving federal claims "will frequently include both the town and the ZBA as separate parties."  Doc. No. 17 at 2; see, e.g., Westchester Day School v. Village of Mamaroneck, 504 F.3d 338, 353-54 (2d Cir. 2007); Grace United Methodist Church v. City of Cheyenne, 451 F.3d 643 (10th Cir. 2006); New Cingular Wireless PCS, LLC v. City of Manchester, 2014 DNH 044.  Plaintiffs also point to RLUIPA's text, which provides that both municipalities and municipal departments are proper defendants to RLUIPA claims.  See 42 U.S.C. § 2000cc-5(4)(A).  They further note that RLUIPA grants a government discretion to change its policy or practice, or to create specific exemptions, in order to avoid RLUIPA's preemptive force, 42 U.S.C. § 2000cc-3(e), and argue that a conflict may arise between the Town and the ZBA regarding who has the authority to grant such an exemption.

I need not decide whether the ZBA is an appropriate

separate defendant here.  Admittedly, the ZBA appears to be merely a subdivision of the Town, which cannot provide any different or greater relief than the Town itself.  Yet, whether the ZBA remains a separate defendant or not, there will be no meaningful difference in discovery, motion practice, or any other significant aspect of this dispute.  Because this is a purely academic debate, then, I decline to decide whether the ZBA is an appropriate separate defendant in this case.  Accordingly, I deny defendants' motion to dismiss claims against the ZBA.

B.    **Claims Against Hodge in his Official Capacity**

Next, defendants contend that I should dismiss all claims against Hodge in his official capacity because "the Plaintiffs do not and cannot seek relief against Mr. Hodge which is separate or distinct from that which they seek from the Town." Doc. No. 13 at 3.  I agree.

An official-capacity suit is "in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005); Wood v. Hancock County Sheriff's Dep't, 354 F.3d 57, 58 n. 1 (1st Cir. 2003); Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 705 (1st Cir. 1993)).  Put another way, "official-capacity suits generally represent only another

way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690 n.55 (1978). Accordingly, "a string of Supreme Court cases holds that a suit against a government officer in his or her official capacity binds the agency or other governmental entity, not the officer personally." Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1259 (1st Cir. 1993) (citing Graham, 473 U.S. at 166; Brandon v. Holt, 469 U.S. 464, 471 (1985)).

In this case, plaintiffs have sued both the Town and Hodge in his official capacity. Because a suit against a town officer in his official capacity is essentially the same as a suit against the town, Surprenant, 424 F.3d at 19, Hodge's liability in his official capacity "is indistinguishable from the" Town's. Wood, 354 F.3d at 58 n.1. Put plainly, it was redundant for plaintiffs to sue both the Town and Hodge in his official capacity. Because of that redundancy, it is appropriate to dismiss plaintiffs' claims against Hodge in his official capacity here. See Decotiis v. Whittemore, 635 F.3d 22, 38 n.19 (1st Cir. 2011); Roman Catholic Bishop of Springfield v. City of Springfield, 760 F. Supp. 2d 172, 184 (D. Mass. 2011) (dismissing claims, including Section 1983 and RLUIPA claims, against city officials sued in their official capacity as

redundant), rev'd on other grounds, 724 F.3d 78 (1st Cir. 2013)).

C. **Claims Against Hodge in his Individual Capacity**

Defendants also argue that I should dismiss all claims against Hodge in his individual capacity because "each and every action taken by Mr. Hodge and referenced in the Complaint was taken in Mr. Hodge's capacity as Code Enforcement officer for the Town."  Doc. No. 13 at 3.  Thus, according to the defendants, because the complaint "contains absolutely no reference to any action taken by Mr. Hodge in his individual capacity," the complaint fails "to state a claim upon which relief can granted against Mr. Hodge in his individual capacity."  Id.  I disagree.

Defendants' argument rests upon misunderstanding of the distinction between "official" and "individual" capacity suits. As explained above, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."  Monell, 436 U.S. at 690 n.55. Individual-capacity suits, meanwhile, "seek to impose personal liability upon a government official payable out of personal assets."  Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1259 (1st Cir. 1993) (internal citation and emphasis omitted).

7

In determining whether a suit involves an individual or official-capacity claim, I am guided by the complaint. Asociacion De Subscripcion Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 26 (1st Cir. 2007). Thus, "the phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." Hafer v. Melo, 502 U.S. 21, 26 (1991). Plaintiff may therefore sue a government officer in his individual capacity even where the officer caused the complained-of injury while acting within the scope of his official duties. Id.; Flores Galarza, 484 F.3d at 26.

With those principles in mind, I return to defendants' argument. Defendants contend that I should dismiss all claims against Hodge in his individual capacity because the complaint "contains absolutely no reference to any action taken by Mr. Hodge in his individual capacity." Doc. No. 13 at 3. Put differently, defendants argue that the claims against Hodge in his individual capacity fail because he was acting within the scope of his official duties when he denied plaintiffs' application. Yet, as explained above, the fact that Hodge allegedly caused injury while acting within the scope of his official duties does not bar an individual capacity suit against

8

him here.  Hafer, 502 U.S. at 26.  I therefore decline to dismiss claims against Hodge in his individual capacity on that basis.[3]

D. **Section 677:4 Supplemental Jurisdiction**

Finally, in their motion, defendants argue that I should decline to exercise supplemental jurisdiction over plaintiffs' claims brought pursuant to N.H. Rev. Stat. Ann. § 677:4.  At a subsequent in-chambers conference, however, the parties agreed to stay plaintiffs' state-law claims pending adjudication of their federal claims.  Based upon that understanding, I deny defendants' motion without prejudice as it relates to Counts VIII and IX.

### III. **CONCLUSION**

---

[3] Defendants do not argue that I should dismiss the claims against Hodge in his individual capacity because he is entitled to qualified immunity.  They also do not argue that the RLUIPA claim for damages against Hodge fails because RLUIPA does not permit such relief against a municipal officer sued in his individual capacity. Compare Cryer v. Spencer, 934 F. Supp. 2d 323, 333 (D. Mass. 2013) (explaining that, at least in the institutionalized person context, RLUIPA does not allow damages claims against municipal actors in their individual capacities), with Israelite Church of God in Jesus Christ, Inc. v. City of Hackensack, No. CIV.A. 11-5960 SRC, 2012 WL 3284054, at *6 (D.N.J. Aug. 10, 2012) (finding that RLUIPA's land-use provision allows such claims).  Because the parties do not address these issues, I do not reach them here.

For the reasons provided above, defendants' motion to dismiss (Doc. No. 13) is granted as to claims against Hodge in his official capacity and is otherwise denied.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 24, 2016

cc:  Pierre A. Chabot, Esq.
     Michael J. Tierney, Esq.
     Christopher Cole, Esq.
     Garry R. Lane, Esq.
     Meghan C. Carrier, Esq.