**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Signs for Jesus, et al.**

v. Civil No. 15-cv-482-PB
Opinion No. 2016 DNH 126

**Town of Pembroke, et al.**

**MEMORANDUM AND ORDER**

In April 2015, Signs for Jesus and Hillside Baptist Church applied for a permit to install an electronic sign on Pembroke Street in Pembroke, New Hampshire. When their application was denied, they filed this action against the Town of Pembroke, Pembroke's Zoning Board of Adjustment, and Pembroke's Code Enforcement Officer. Plaintiffs allege that Pembroke's zoning ordinance, and defendants' actions, violate the United States and New Hampshire constitutions, as well as federal and state statutes.

Defendants have moved, pursuant to Federal Rule of Civil Procedure 14(a)(1), for leave to file a third-party complaint against the State of New Hampshire and School Administrative Unit 53 ("SAU 53"), which operates Pembroke's local public high school. In the alternative, defendants would like to add the State and SAU 53 as required parties under Federal Rule of Civil

Procedure 19(a)(1). The plaintiffs oppose defendants' motion.

## I. BACKGROUND

Signs for Jesus and Hillside Baptist Church (collectively "the Church") want to install an electronic sign on Church-owned land at 547 Pembroke Street, in Pembroke's historic district. The purpose of the proposed sign is to display Bible scripture. Down the street from the Church, at 530 Pembroke Street, there is a Mobil gas station, which has an electronic sign. See Doc. No. 1 at 4. Also, for several months during the summer of 2015, the New Hampshire Department of Transportation maintained an electronic traffic sign on Pembroke Street, south of the Mobil station. See id. Pembroke Academy, the town's public high school, has a permanent electronic sign at 276 Pembroke Street. See id. at 5.

Sections 143-57 to 143-66 of the Pembroke Zoning Ordinance set out the town's sign regulations. Id.; see Doc. No. 1-5 (the sign ordinance). The ordinance regulates the size, placement, and application process for signs in Pembroke. See Doc. No. 1-5. The ordinance creates several exemptions to the regulations, however, including exemptions for signs "required by federal, state or municipal laws," signs advertising properties for sale or rent, and "public service signs." Doc. No. 1 at 5-6, 10.

Section 143-59 of the ordinance further provides that some, but not all, speakers must obtain a permit from Pembroke's Code Enforcement Officer before erecting a sign. See Doc. No. 1-5 at 5-6. In addition, section 674:54 of the New Hampshire Revised Statutes purportedly exempts "government use[s]" of state- or town-owned land from local zoning ordinances.

In April 2015, the Church applied for a permit to install its proposed sign. Pembroke's Code Enforcement Officer denied that application. See Doc. No. 1 at 7. The Church then appealed the Officer's decision to Pembroke's Zoning Board of Adjustment, and filed a separate variance request. Id. After a public hearing, the Board denied the Church's administrative appeal and its request for a variance. Id. at 8. In August 2015, the Church requested a rehearing pursuant to N.H. Rev. Stat. Ann. § 677:2, but the Board denied those requests. Id.

In November 2015, the Church filed its complaint here. The Church alleges, among other things, that Pembroke's sign ordinance is facially unconstitutional in light of Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015), because, the Church argues, the ordinance includes impermissible content-based speech restrictions. Doc. No. 1 at 1-2. The Church further claims that the ordinance is unconstitutional as applied, and violates state and federal law. See id. at 12-14.

## II. ANALYSIS

Defendants have requested leave, pursuant to Federal Rule of Civil Procedure 14(a)(1), to file a third-party complaint against the State and SAU 53, which operates Pembroke Academy. See Doc. No. 26 at 1. In the alternative, defendants seek to add the State and SAU 53 as required parties under Federal Rule of Civil Procedure 19. Id. I address, and ultimately reject, each argument in turn.

### A. Third-Party Complaint

Pursuant to Federal Rule of Civil Procedure 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Where, as in this case, defendants filed their motion more than fourteen days after serving their original answer, leave of court is required. Fed. R. Civ. P. 14(a)(1).

The decision whether to grant such leave "is left to the informed discretion of the district court." Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir. 1999). Rule 14(a)(1) sets out a "liberal standard," whereby courts should "allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the

ongoing proceedings." Id. Rule 14(a) does not, however, permit a defendant to bring a third-party claim simply because "the claim arises out of the same general set of facts as" the original plaintiff's claim. United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir. 1987); 6 Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1446 (3d ed.) ("The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough."). Courts may deny a defendant's request for leave "when bringing in a third party will introduce unrelated issues and unduly complicate the original suit," or "if the [third party] claim is futile." S. Shore Hellenic Church, Inc. v. Artech Church Interiors, Inc., No. 12-11663-GAO, 2015 WL 846533, at *18 (D. Mass. Feb. 26, 2015). In sum, courts "must oversee third-party practice with the core purpose of Rule 14(a) in mind: avoiding unnecessary duplication and circuity of action." Lehman, 166 F.3d at 394.

Here, defendants' proposed third-party complaint includes two counts. The first seeks: (1) a declaration that section 674:54 of the New Hampshire Revised Statutes, which purportedly exempted the State and SAU 53 from Pembroke's zoning ordinance, is unconstitutional; (2) an injunction barring the State from enforcing section 674:54; and (3) an injunction ordering SAU 53 to remove its electronic sign. See Doc. No. 26-1 at 5-6. The

second claim seeks indemnity and contribution for any damages and attorneys' fees awarded to the Church. See id. at 6.

Defendants describe their claims only in vague terms. It appears, however, that both counts rest on the same legal theory -- that "the Town has no control over the allowance of . . . signs for governmental actors [like the SAU 53 and the New Hampshire Department of Transportation], but is instead required to allow them by RSA 674:54." Doc. No. 30 at 3. Therefore, according to defendants, "the State and SAU 53 are responsible for any discrimination among speakers, not the Town." Id.

The Church challenges defendants' proposed complaint on various grounds. It contends that defendants' claims are futile, as defendants have not adequately alleged that section 674:54 is unconstitutional, or explained how the State or SAU 53 are liable for defendants' purported discrimination. See Doc. No. 27 at 2-4. The Church further argues that defendants' complaint is untimely, raises issues that are unrelated to the Church's original complaint, will unduly delay the proceedings, and will cause unnecessary litigation expense to the Church. See id. at 5.

Neither claim in defendants' proposed complaint provides a viable claim for relief. As I understand their argument, defendants agree that section 674:54 exempts "government use[s]"

of state- or town-owned land from local zoning ordinances. See N.H. Rev. Stat. Ann. § 674:54; see also City of Portsmouth v. John T. Clark & Son of N.H., Inc., 117 N.H. 797, 798 (1977) (explaining, in an opinion predating section 674:54's enactment, that towns have "no power to subject the state to its zoning ordinance requirements"). Therefore, as defendants concede, New Hampshire law may allow entities, like the State and SAU 53, to install signs that would otherwise violate local zoning regulations. See N.H. Rev. Stat. Ann. § 674:54; Doc. No. 30 at 3 (defendants asserting that "the Town has no control over the allowance of such signs for governmental actors, but is instead required to allow them by RSA 674:54"). Defendants nonetheless claim that, where a government entity exercises that authority to install a sign, and the town later enforces its zoning ordinance in a discriminatory manner by denying another speaker's sign application, the government entity becomes liable for the town's discrimination. See Doc. No. 30 at 3 ("The Town's claim is a simple one: if the Court finds that the disparate treatment of government speech and Plaintiff's speech is illegal, liability should be borne by the entities that required the disparate treatment.").

Defendants offer very little to support this unusual theory. See id. at 2-3. For instance, although defendants

suggest that section 674:54 is "unconstitutional," they decline to identify the constitutional provision that the statute allegedly violates. Nor do they cite any authority, or otherwise provide a persuasive argument, to explain why the State or SAU 53 should be held liable here.

To the extent that defendants are claiming that the State and SAU 53 are liable for the defendants' actions, their claim cannot succeed. Defendants do not allege any facts to show that the State and SAU 53 somehow compelled defendants' conduct. Instead, as the complaint makes clear, the defendants independently chose to deny the Church's application. If it turns out that defendants' decision was unlawful, the responsibility lies exclusively with them. Given that I can discern no other basis for defendants' third-party claims, I agree with the Church that defendants' claims are futile, and that their motion for leave to file a third-party complaint must be denied.

**B. Joinder Under Rule 19**

In the alternative, defendants seek to add the State and SAU 53 as required parties under Federal Rule of Civil Procedure 19(a)(1)(B)(i). See Doc. No. 26 at 2-3. Pursuant to that Rule, a person is a required party if "that person claims an interest relating to the subject of the action and is so situated that

disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest . . . ."

Defendants here argue that litigating the Church's claims without including the State as a party would "impair or impede" the State's interests "in defending the constitutionality and enforceability of" section 674:54. See Doc. No. 26 at 2-3. Defendants further contend that, "if [section 674:54 is deemed unconstitutional] both the State and SAU 53 will be prohibited from displaying their electronic signs, again impairing or impeding their interests . . . ." Id. at 3.

This argument is also unpersuasive. First, neither the Church's complaint nor defendants' answer, Doc. Nos. 1, 12, expressly questions section 674:54's constitutionality. See Doc. No. 27 at 2 (the Church noting that "[t]he Plaintiffs are not harmed by RSA 674:54, are not challenging the constitutionality of RSA 674:54 and the Plaintiffs do not allege any harm was caused [by] actions of the State or the School"). Thus, there is no reason to fear that resolving the Church's pending claims will "impair or impede" the State or SAU 53's interests. Cf. In re Pontes, 280 B.R. 20, 29 (Bankr. D.R.I. 2002) (citing Venuti v. Riordan, 702 F.2d 6, 8-9 (1st Cir. 1983)) (rejecting argument that a state is a necessary party

merely "because the constitutionality of one of its statutes is being challenged").

Second, and more fundamentally, even assuming that the Church or defendants will question section 674:54's constitutionality later in this suit, other mechanisms will adequately protect the State and SAU 53. In particular, if any "pleading, written motion, or other paper" draws into question the statute's constitutionality, then Federal Rule of Civil Procedure 5.1 requires notice to the New Hampshire attorney general, while 28 U.S.C. § 2403 provides an opportunity for the attorney general to intervene. Accordingly, if necessary, the State will have its chance to defend section 674:54.

## IV. CONCLUSION

For the reasons set forth above, defendants' motion for leave to file a third-party complaint (Doc. No. 26) is denied.

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

August 1, 2016

cc: Pierre A. Chabot, Esq.
Michael J. Tierney, Esq.
Christopher Cole, Esq.
Garry R. Lane, Esq.
Megan C. Carrier, Esq.